IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| In the matter of: | : | |
| | : | Case Number 15-52314-AEC |
| WILLIAM JACKSON COCHRAN, | : | |
| | : | Chapter 13 |
| Debtor. | : | |

## NOTICE OF MOTION

NOTICE IS HEREBY GIVEN PURSUANT TO M.D. Ga. LBR 9004-1 AND 9007-1 THAT THE ABOVE NAMED DEBTOR HAS FILED PAPERS WITH THE COURT TO MODIFY HIS CHAPTER 13 PLAN PRIOR TO CONFIRMATION.

**YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. (IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.)**

IF YOU DO NOT WANT THE COURT TO ALLOW THE DEBTOR TO MODIFY HIS CHAPTER 13 PLAN, OR IF YOU WANT THE COURT TO CONSIDER YOUR VIEWS ON THE MOTION, THEN YOU OR YOUR ATTORNEY MUST FILE WITH THE COURT A WRITTEN OBJECTION TO THE PROPOSED MODIFICATION AND A REQUEST FOR A HEARING AT LEAST **SEVEN (7) DAYS** PRIOR TO THE CONFIRMATION HEARING HELD IN THIS CASE. THE CONFIRMATION HEARING IN THIS CASE WILL BE HELD IN **COURTROOM B, UNITED STATES BANKRUPTCY COURT, 433 CHERRY STREET, MACON, GEORGIA, 31201 AT 1:30 P.M. ON FEBRUARY 22, 2016**.

IF YOU MAIL YOUR REQUEST TO THE COURT FOR FILING, YOU MUST MAIL IT EARLY ENOUGH SO THAT THE COURT WILL **RECEIVE** IT ON OR BEFORE THE DATE STATED ABOVE.

ANY REQUEST FOR A HEARING MUST ALSO BE MAILED TO THE DEBTOR AND DEBTOR'S COUNSEL AND UPON ALL OTHER PERSONS INDICATED ON THE CERTIFICATE OF SERVICE ATTACHED TO THIS PLEADING.

IF YOU OR YOUR ATTORNEY DO NOT TAKE THESE STEPS, THE COURT MAY DECIDE THAT YOU DO NOT OPPOSE THE RELIEF SOUGHT IN THE DEBTOR'S MOTION AND MAY GRANT THE DEBTOR'S REQUEST TO MODIFY HIS CHAPTER 13 PLAN.

This 20th day of January, 2016.

| | |
|---|---|
| **Kyle George** | **Calvin L. Jackson** |
| **Clerk, U.S. Bankruptcy Court** | **Attorney for Debtor** |
| **P.O. Box 1957** | **P.O. Box 7221** |
| **Macon, Georgia 31202** | **Warner Robins, Georgia 31095** |
| **(478) 752-3506** | **(478) 923-9611** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| In the matter of: : | |
| : | Case Number 15-52314-AEC |
| WILLIAM JACKSON COCHRAN, : | |
| : | Chapter 13 |
| Debtor. : | |

## MOTION TO MODIFY PLAN PRIOR TO CONFIRMATION

COMES NOW CLINTON CUNNINGHAM, JR., debtor in the above-styled action, pursuant to 11 U.S.C. Section 1323, and files this his Motion to Modify Plan Prior to Confirmation, respectfully showing the Court the following:

1.

The debtor filed a petition for relief in this Court under Chapter 13 of the U.S. Bankruptcy Code on October 2, 2015. The debtor's case is currently pending before the Court, and the debtor's Chapter 13 Plan is awaiting confirmation.

2.

The debtor files this Plan modification to change the following proposed terms of the Plan:

(a) To provide that the claim of RREF II PB-GA LLC designated as Claim Number 2 shall be paid in full within twelve (12) months of confirmation;

(b) The claim of RREF II PB-GA LLC designated as Claim Number 6 is a contingent claim to be paid outside the Plan by the primary obligor, Cochran Coachworks, Inc.

(c) To provide for a dividend to be paid to unsecured claim in the total amount of $173,829.88, resulting in an estimated dividend of 100% to holders of non-contingent, general unsecured claims.

3.

The debtor hereby withdraws the Plan initially filed with the Court and substitutes the modified Plan attached hereto. The debtor shows that said modified Plan should, after notice and opportunity to object, become his Plan.

WHEREFORE, the debtor prays that his Chapter 13 plan be modified as proposed herein.

This 20th day of January, 2016.

                                  /s/ Calvin L. Jackson
                                  Calvin L. Jackson
                                  GA. State Bar Number 386072
                                  Attorney for Debtor
                                  P.O. Box 7221
                                  Warner Robins, Georgia 31095
                                  (478) 923-9611

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| WILLIAM JACKSON COCHRAN | * | Chapter 13 |
| Debtor | * | Case No. 15-52314-AEC |

# **CHAPTER 13 PLAN**

1.  The future earnings of the debtor(s) are submitted to the supervision and control of the trustee and the debtor(s) (or the debtor's(s') employer) shall pay to the trustee the sum of $890.00 monthly.

2.  From the payments so received, the trustee shall make disbursements as follows:

(a) The trustee percentage fee as set by the United States Trustee.

(b) The monthly payments will be made on the following long-term debts: (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT UNDER PLAN | MONTHLY PAYMENT AMOUNT |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

(c) Preconfirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
|---|---|
| RREF II PB-GA LLC (Claim Number 2) | $2,500.00 |
|  |  |
|  |  |
|  |  |

(d) The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or , if the collateral for the debt is any other thing of value, the debt was incurred within 1 years of filing. *See* § 1325(a)

| NAME OF CREDITOR | AMOUNT DUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

(e) After confirmation of the plan, the secured creditors with allowed claims will be paid as follows:

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT DUE |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

(f)  *Attorney fees ordered pursuant to 11 U.S.C. §507(a)(2) of $3,000.00 to be paid as follows:

Paid pursuant to administrative order                                    MONTHLY PAYMENT AMOUNT

| **Pursuant to the Current Administrative Order on Attorney Fee Awards** |  |
|---|---|

(g) After the above are paid, distributions will be made to cure arrearages and other secured debts whose claims are duly proven and allowed as follows

| NAME OF CREDITOR | ESTIMATED AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

(h) The following collateral is surrendered to the creditor:

NAME OF CREDITOR                              DESCRIPTION OF COLLATERAL

| **NAME OF CREDITOR** | **DESCRIPTION OF COLLATERAL** |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

(i) The following domestic support obligations will be paid over the life of the plan as follows: (These payments will be made simultaneously with payment of the secured debt to the extent funds are available and will include the interest at the rate of ___%. (If this is left blank, no interest will be paid.)

| NAME OF CREDITOR | PAYMENT AMOUNT |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

(j) The following unsecured claims are classified to be paid at 100%. These payments will be made simultaneously with payment of the secured debt:<u>NONE.</u>

(k) All other 11 U.S.C. §507 priority claims, unless already listed under 2(g), will be paid in full over the life of the plan as funds become available in the order specified by law.

(l) The debtor(s) will be the disbursing agent on the following debts: Capital City 1st National Bank to be paid outside of the Plan as expense of Cochran Coachworks, Inc.; RREF II PB-GA LLC referred to as Claim Number 6 in the Court's records shall be paid outside of Plan as expense of Cochran Coachworks, Inc., and is contingent claim.

(m) Special provisions:The title to the debtor's automobile(s) shall be released to the debtor upon completion of the plan with all liens thereon cancelled.  Upon discharge, all non-purchase money, non-possessory liens in, on, or against any and all property of the bankruptcy estate held by the following listed creditors shall be avoided pursuant to 11 U.S.C. Section 522(f), and upon notice of discharge the creditors shall cancel said liens of record within fifteen (15) days of such notice: <u>NONE.</u>  Claim of RREF II PB-GA LLC, referred to as Claim Number 2 in the Court's records, shall be paid in full within twelve (12) months of confirmation; the claim shall receive adequate protection payments in the amount of $2,500.00 until the expiration of said twelve (12) month time period.  The dividend provided for herein shall be paid either within twelve (12) months of confirmation or, if not, then by increasing the debtor's Plan payments to $2,340.00 monthly commencing March 1, 2017, or to some other payment amount necessary to pay said dividend within the time prescribed by law.

(n) Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative, debtors will pay the highest of the three)

   (i) Debtor will pay all of his disposable income as shown on form B22C of <u>$0.00</u>to the non priority unsecured creditors in order to be eligible for a discharge.

   (ii) If the debtor filed a Chapter 7 case, the priority and other unsecured creditors would receive <u>$173,829.88</u>. Debtor will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge in this case.

   (iii) The debtor will pay <u>$0.00</u>to the general unsecured creditors to be distributed pro-rata.

(o) General unsecured creditors whose claims are duly proven and allowed will be paid:

   (a)  A _____ dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph (n)(i), (n)(ii), or (n) (iii), and the debtors pay in at least 36 monthly payments to

    be eligible for discharge.

        (b) The debtor(s) will make payments for 57 months and anticipates a dividend of 100%, but will also exceed the highest amount shown in Paragraph (n)(i), (n)(ii), or (n)(iii) above.

(p) Unless otherwise ordered by the court, all property of the estate, whether in the possession of the trustee or the debtor(s), remains property of the estate subject to the court's jurisdiction, notwithstanding §1327(b), except as otherwise provided in paragraph (m) above. Property of the estate not paid to the trustee shall remain in the possession of the debtor(s). All property in the possession and control of the debtor(s) shall be insured by the debtor(s). The Chapter 13 trustee will not and is not required to insure assets and has no liability for injury to any person, damage or loss to any property in possession and control of the debtor or other property affect by property in possession and control of the debtor.

(q) Notwithstanding the proposed treatment or classification of any claim in the Plan confirmed in this case, all lien avoidance motions or litigation involving the validity of liens, or preference actions, will be reserved and can be pursued after confirmation. Successful lien avoidance or preference actions will be grounds for modification of the Plan.

Dated: January 20, 2016.


  /s/   WILLIAM JACKSON COCHRAN
WILLIAM JACKSON COCHRAN

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| In the matter of: : | |
| : | Case Number 15-52314-AEC |
| WILLIAM JACKSON COCHRAN, : | |
| : | Chapter 13 |
| Debtor. : | |

## CERTIFICATE OF SERVICE

    I, Calvin L. Jackson, hereby certify that I am over the age of 18 years and that on January 20, 2016, I served a copy of the within and foregoing Notice, Motion to Modify Plan Prior to Confirmation and revised Chapter 13 plan on Camille Hope, Chapter 13 Trustee, by electronic notice to docomt@chapter13macon.com. I further certify that on this day I served a true and accurate copy of said documents on each of the parties listed on the attached Creditor Matrix by depositing a copy of the same in the United States Mail with sufficient postage attached thereto to ensure delivery of the same to them at the addresses following their names.

                                                                 /s/ Calvin L. Jackson
                                                                 Calvin L. Jackson
                                                                 GA. State Bar Number 386072
                                                                 Attorney for Debtor
                                                                 P.O. Box 7221
                                                                 Warner Robins, Georgia 31095
                                                                (478) 923-9611

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113G-5<br>Case 15-52314<br>Middle District of Georgia<br>Macon<br>Wed Jan 20 14:25:08 EST 2016 | Recovery Management Systems Corporation<br>25 SE 2nd Avenue Suite 1120<br>Miami, FL 33131-1605 | Synovus Bank<br>c/o Stephen G. Gunby<br>1111 Bay Avenue, Third Floor<br>P.O. Box 1199<br>Columbus, GA 31902-1199 |
| 5<br>433 Cherry Street<br>P.O. Box 1957<br>Macon, GA 31202-1957 | American Express<br>PO Box 981537<br>El Paso, TX 79998-1537 | American Express Bank, FSB<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 |
| CB&T Middle GA/ Synovus<br>PO Box 2107<br>Warner Robins, Georgia 31099-2107 | Capital City 1st National Bank<br>PO Box 900<br>Tallahassee, FL 32302-0900 | Cochran Coachworks, Inc.<br>514 General Courtney Hodges Blvd<br>Perry, GA 31069-3273 |
| Discover Bank<br>Discover Products Inc<br>PO Box 3025<br>New Albany, OH  43054-3025 | (p)DISCOVER FINANCIAL SERVICES LLC<br>PO BOX 3025<br>NEW ALBANY OH 43054-3025 | Donna Cochran<br>818 Ellis Road<br>Elko, GA 31025 |
| Donna K. Cochran<br>818 Ellis Road<br>Elko, GA 31025 | RREF II PB-GA LLC<br>c/o Jones Walker LLP<br>Barry S. Turner, Esq.<br>201 S. Biscaynve Blvd.<br>Suite 2600<br>Miami, FL 33131-4341 | RREF II PB-GA, LLC<br>c/o Rialto Capital Advisors, LLC<br>730 NW 107 Avenue, Ste. 400<br>Miami, FL 33172-3104 |
| RREF II PB-GA, LLC<br>c/o Stephen P. Drobny, Esq.<br>Jones Walker LLP<br>One Midtown Plaza<br>1360 Peachtree St., NE, Suite 1030<br>Atlanta, GA 30309-3284 | Recovery Management Systems Corporation<br>25 S.E. 2nd Avenue, Suite 1120<br>Miami, FL 33131-1605 | Synovus Bank<br>1111 Bay Avenue<br>Columbus , GA 31901-5218 |
| Synovus Bank<br>c/o Stephen G. Gunby<br>Page Scrantom Sprouse Tucker & Ford, PC<br>P.O. Box 1199<br>Columbus, GA 31902-1199 | U.S. Trustee - MAC<br>440 Martin Luther King Jr. Boulevard<br>Suite 302<br>Macon, GA 31201-7987 | William J. Cochran II<br>818 Ellis Road<br>Elko, GA 31025 |
| Calvin L. Jackson<br>1259 Russell Parkway<br>Suite T<br>Warner Robins, GA 31088-5585 | Camille Hope<br>Office of the Chapter 13 Trustee<br>P.O. Box 954<br>Macon, GA 31202-0954 | William Jackson Cochran<br>514 General Courtney Hodges Blvd<br>Perry, GA 31069-3261 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Discover Bank
P.O. Box 15316
Wilmington, Delaware 19850

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)RREF II PB-GA, LLC

End of Label Matrix
Mailable recipients    23
Bypassed recipients     1
Total                  24