UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| IN RE: | BANKRUPTCY |
| WILLIAM JACKSON COCHRAN, | CASE NO. 15-52314 |
| DEBTOR. | CHAPTER 13 |
| _____/ | |

## RREF II PB-GA, LLC'S OBJECTION TO CONFIRMATION AND AMENDMENTS THERETO

COMES NOW Creditor RREF II PB-GA, LLC ("RREF"), pursuant to 11 U.S.C. § 1325, and files this Objection to Confirmation to the Chapter 13 Plan filed by the Debtor, William Jackson Cochran (ECF#24) and Amendments Thereto, and in support thereof states as follows:

1. On October 2, 2015, the Debtor filed his voluntary Chapter 13 Petition. (ECF#1).

2. The Debtor's Chapter 13 Plan (ECF#24) was filed on October 26, 2015 (the "Plan").

3. On January 20, 2016, the Debtor filed the Motion to Modify Plan Prior to Confirmation (ECF#39) which stated that RREF's "Claim Number 2 shall be paid in full within twelve (12) months of confirmation," that the claim of RREF II PB-GA LLC designated as Claim Number 6 is a contingent claim to be paid outside the Plan by the primary obligor, Cochran Coachworks, Inc." and that general unsecured claims would be paid in full.

4. On January 21, 2016, the Debtor filed the Amendment to Motion to Modify Plan Prior to Confirmation (ECF#40).

5.      Also on January 21, 2016, the Debtor filed the Second Amendment to Motion to Modify Plan Prior to Confirmation (ECF#41)[1] stating that the Debtor is inserting into Paragraph 2(m) that the Debtor "shall make monthly adequate protection payments directly to RREF II PB-GA LLC on Claim Number 2 in the amount of $2,500.00 commencing December 7, 2015, then continuing in the amount of $2,500.00 on the seventh (7th) of each month thereafter until confirmation or until further order of the Court."

6.      On October 21, 2015, RREF filed its secured claim in the amount of $649,990.09. (Claim 2-1).

7.      RREF's secured Claim 2-1 arises by virtue of the Debtor's liability pursuant to the March 7, 2000 Deed with Power of Sale to Secure Debt, the Additional Advancement and Merger Agreement acknowledging that the original debt as of such date was $506,620.00 dated August 28, 2009, and the Promissory Note dated August 28, 2009 as referenced in the August 28, 2009 Additional Advancement and Merger Agreement. These loan documents were transferred to RREF II PB Acquisitions, LLC under a Transfer and Assignment of Deed to Secure Debt dated March 18, 2015. RREF II PB Acquisitions, LLC transferred the loan documents to RREF pursuant to an Assignment of Deed to Secure Debt dated July 23, 2015. True and correct copies of the loan documents and assignment documents are attached to RREF's Claim 2-1.

8.      On December 28, 2015, RREF filed its unsecured claim in the amount of $286,235.86. (Claim 6-1).

---

[1] The Motion to Modify Plan Prior to Confirmation (ECF#39), Amendment to Motion to Modify Plan Prior to Confirmation (ECF#40), and Second Amendment to Motion to Modify Plan Prior to Confirmation (ECF#41) shall be known collectively herein as "Amendments".

9. RREF's unsecured claim arises by virtue of the Debtor's liability as a guarantor of a debt made by Cochran Coachworks, Inc.[2] On or around July 28, 2009, the Cochran Coachworks, Inc. executed and delivered to The Bank of Perry a promissory note in the amount of $282,868.25. Also on or around July 28, 2009, the Debtor executed a guaranty in favor of The Bank of Perry on the Note. On February 6, 2015, The Bank of Perry transferred the Note to RREF II PB Acquisitions, LLC pursuant to the Endorsement of Promissory Note. On July 20, 2015, RREF II PB Acquisitions, LLC transferred the Note to RREF. True and correct copies of the loan documents and assignment documents are attached to RREF's Claim 6-1.

10. RREF notes that at the November 18, 2015 hearing on the Motion for Relief from Automatic Stay (ECF#14), Debtor's counsel incorrectly stated that Claim 2-1 was a commercial debt cross-collateralized between the debtor's residence AND commercial property. This is simply incorrect.

11. As outlined above and within Claim 2-1, the Debtor and his son are on the note and mortgage as it relates to Claim 2-1. Cochran Coachworks, Inc. is not liable for Claim 2-1 and Claim 2-1 does not encumber any of Cochran Coachworks, Inc.'s property. Claim 2-1 solely encumbers the Debtor's residence. Claim 6-1, however, is from a note, mortgage and security agreement signed by Cochran Coachworks, Inc., with the Debtor as a guarantor, and encumbers real property and personal property owned by Cochran Coachworks, Inc.

12. While the Plan and Amendments thereto claim that RREF will be paid in full within twelve months of confirmation, in reality the Plan and Amendments do not propose how

---

[2] On October 2, 2015, Cochran Coachworks, Inc. filed its voluntary Chapter 11 Petition in the United States Bankruptcy Court for the Middle District of Georgia, Case Number 15-52316.

the Debtor plans to make such payment to RREF with regard to Claim 2-1- which is in excess of $649,990.09 and continues to accrue interest at 17.00%.

13. Debtor's counsel further stated at the hearing on the Motion for Relief from Automatic Stay (ECF#14) that he would be amending the Plan to deal with RREF's claim. While the Amendments have been filed, RREF's claims are not dealt with by the Debtor in any manner that can be confirmed by this Court. The Debtor is simply using his personal bankruptcy case and the Cochran Coachworks, Inc. to delay RREF's administration of secured property.

14. Accordingly, RREF objects to the Plan and Amendments because the Plan and Amendments violate 11 U.S.C. §§ 1322 and 1325.

## Objection for Failure to Commit All of the Debtor's Disposable Income In Good Faith

15. RREF objects to the Plan because it does not appear to commit all of the Debtor's projected disposable income. See 11 U.S.C. §1325(b)(1)(B) (if an unsecured creditor objects to the plan, "the court may not approve the plan unless . . . the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period . . . will be applied to make payments to unsecured creditors under the plan.").

16. Schedule I shows that the Debtor, combined with his non-filing spouse, projects a combined monthly income of $8,666.66.

17. Schedule J appears to contain excessive expenses, such as: (a) $400.00 for transportation; (b) $100.00 for entertainment, in addition to the $325.00 per month already listed as expenses for telephone, internet and cable services; (c) $100.00 for laundry and dry cleaning, and $50.00 for personal care products, in addition to the housekeeping expenses already listed in Line 7; and (d) $120.00 per month for medical and dental expenses.

18.     Pursuant to 11 U.S.C. §§ 1325(a)(3) and (7), the filing of the Plan and bankruptcy petition was not done in good faith. "In conducting the good faith inquiry, the totality of the circumstances must be considered." *In re Humphrey*, 165 B.R. 508, 510–11 (Bankr. M.D. Fla. 1994). The Eleventh Circuit has approved a non-exclusive list of factors for determining good faith:

>   1. the amount of Debtor's income from all sources;
>   2. the living expenses of Debtor and his dependents;
>   3. the amount of attorney's fees;
>   4. the probable or expected duration of Debtor's chapter 13 plan
>   5. the motivations of Debtor and his sincerity in seeking relief under the provisions of chapter 13;
>   6. Debtor's degree of effort;
>   7. Debtor's ability to earn and the likelihood of fluctuation of his earnings;
>   8. special circumstances such as inordinate medical expense;
>   9. the frequency with which Debtor has sought bankruptcy protection;
>   10. the circumstances under which Debtor has contracted his debts and has demonstrated bona fides, or lack of same, in dealings with his creditors;
>   11. the burden which the plan's administration would place on the trustee;
>   12. any exceptional circumstances in the case;
>   13. the type of debt and whether it would be nondischargeable in chapter 7;
>   14. accuracy of the plan's statements of debts and expenses and whether any inaccuracies are an attempt to mislead the court….

*Id.* at 511 (quoting *In re Kitchens*, 702 F.2d 885, 888 (11th Cir.1983)).

19.     The Plan fails to meet the good faith requirements of 11 U.S.C. §1325. The Debtor proposes to maintain significant expenses without making any meaningful distribution to secured and unsecured creditors cannot satisfy the good faith requirements of 11 U.S.C. §1325. The Debtor's income would significantly increase without the above-referenced expenses, and would allow the Debtor to pay creditors at least an additional $770.00 per month, or an additional $46,200.00 over the life of the Plan, to unsecured creditors.

20. Further, the Debtor is attempting to use RREF's collateral for approximately two years after the petition date or more without any proof or prospect of reorganization or payment to RREF in full.  It appears that the Debtor has no actual prospect for paying RREF in full on its secured claim.  The Debtor is not providing the Court and RREF with **_any_** information or documentation on how he intends to pay RREF in full within twelve months. RREF should not be precluded from administering its collateral without the Debtor making a good faith effort to pay RREF in full.

21. Accordingly, the Plan and Amendments cannot be confirmed pursuant to 11 U.S.C. §§ 1325(a)(3), (a)(7), and (b)(1)(B).

### Objection Pursuant to 11 U.S.C. § 1325(a)(5)(B)(iii)(I)

22. 11 U.S.C. § 1325(a)(5)(B)(iii)(I) provides a plan may, with respect to each allowed secured claim provided for by the plan--, with respect to each allowed secured claim provided for by the plan--
 (B

 (iii) if--

 (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and

23. Secured creditors must be accorded full present value of their claims in exchange for being forced to accept deferred payment and for losing any rights against the collateral during a plan. *In re Senior*, 255 B.R. 794, 797 (Bankr. M.D. Fla. 2000) (citing *United States v. Southern States Motor Inns, Inc. (In re Southern States Motor Inns, Inc.),* 709 F.2d 647 (11th Cir. 1983) (addressing the present value requirement of 11 U.S.C. § 1129(a)(9), a cram-down provision analogous to § 1325(a)(5)(B)(ii)).

24. The Eleventh Circuit has held that creditors who are forced to receive deferred payments in lieu of contractual payments or collateral foreclosure should receive interest on the secured portions of their claims at the prevailing market rate. *See Southern States,* 709 F.2d at 652–653. The Plan provides no payment on RREF's claim.

25. Courts have held that monthly payments with final balloon payment cannot be confirmed over creditor's objection, as the balloon payment cannot satisfy the equal monthly amounts requirement of 11 U.S.C. § 1325(a)(5)(B)(iii)(I).

26. Overwhelmingly, courts have held that by its very terms, a balloon payment is not equal to the payment that preceded it, and thus violates § 1325(a)(5)(B)(iii)(I) with respect to periodic payments on a secured claim under a chapter 13 plan. *In re Hamilton*, 401 B.R. 539, 543–44 (1st Cir. BAP 2009); *In re Spark*, 509 B.R. 728, 729–30 (Bankr. M.D.Fla. 2014); *In re Holifield*, 2014 WL 948828, at *1 n. 3 (Bankr. D.Or. Mar. 12, 2014); *In re Kirk*, 465 B.R. 300, 303 (Bankr. N.D.Ala. 2012); *In re Soppick,* 516 B.R. 733, 765 (Bankr. E.D. Pa. 2014); *In re Flynn,* 402 B.R. 437 (B.A.P. 1st Cir. 2009).*In re Carman*, 2008 WL 2909863, at *1 (Bankr. D.Mass. July 25, 2008); *In re Wallace*, 2007 WL 3531551 (Bankr. M.D.N.C. Nov. 12, 2007); *In re Luckett*, 2007 WL 3125278, at *2; *In re Newberry*, 2007 WL 2029312, at *3–4 (Bankr. D.Vt. July 10, 2007); *In re Lemieux*, 347 B.R. 460, 463 (Bankr. D.Mass. 2006); *In re Wagner*, 342 B.R. 766, 772 (Bankr. E.D.Tenn. 2006); *In re DeSardi*, 340 B.R. 790, 805 (Bankr. S.D.Tex. 2006).

27. Here, the Debtor's plan provides for a balloon payment within twelve months of confirmation. By its very terms, the balloon payment is not equal to the preceding payments and therefore it is prohibited by § 1325(a)(5)(B)(iii)(I).

## Conclusion

28. For the reasons stated above, the Plan and Amendments fail to meet the confirmation standards of § 1325, which includes § 1325(b)(1)(B)'s disposable income test, 11 U.S.C. §§ 1325(a)(3) and (7) good faith requirements, and 11 U.S.C. § 1325(a)(5)(B)(iii)(I)'s requirement that there be equal monthly payments. The deficiencies in the Debtor's Plan and Amendments set forth in this objection are intended to be non-exhaustive.

29. The Debtor have ignored the requirements and goals of a chapter 13 Plan, and appear to have filed this petition in bad faith in violation of 11 U.S.C. § 1325(b)(7), in the hopes of stalling the post judgment remedies of RREF, rather than having any actual intent to reorganize.

**WHEREFORE**, RREF II PB-GA, LLC respectfully requests that the Court enter an Order denying confirmation of the Debtor's Chapter 13 and Amendments, plus grant such other and further relief as the Court deems just and proper.

DATED: February 17, 2016.    Respectfully submitted,

        JONES WALKER LLP
        */s/ Stephen P. Drobny*
        Stephen P. Drobny, Esq.
        Georgia Bar No. 430447
        One Midtown Plaza
        1360 Peachtree, NE, Suite 1030
        Atlanta, GA 30309
        Telephone (404) 870-7539
        Fax (404) 870-7501
        Email sdrobny@joneswalker.com
        *Attorney for RREF II PB-GA, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2016, a true and correct copy of the foregoing was served on the parties listed below and on the attached mailing matrix via ECF or first class U.S. mail.

**Via ECF:**

Calvin L. Jackson, Esq.
*Debtor's Counsel*
1259 Russell Parkway, Suite T
Warner Robins, GA 31088
cljpc@mgacoxmail.com, calvinj009@gmail.com, cljpcadmin@mgacoxmail.com

Camille Hope
Office of the Chapter 13 Trustee
P.O. Box 954
Macon, GA 31202
docomt@chapter13macon.com, docomt2@chapter13macon.com

Stephen G. Gunby     sgg@psstf.com, sgg@psstf.com

U.S. Trustee - MAC     Ustp.region21.mc.ecf@usdoj.gov

**Via First Class U.S. Mail:**

Calvin L. Jackson
1259 Russell Parkway
Suite T
Warner Robins, GA 31088

>                                        */s/ Stephen P. Drobny*
>                                        Stephen P. Drobny, Esq.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113G-5<br>Case 15-52314<br>Middle District of Georgia<br>Macon<br>Wed Feb 17 10:24:55 EST 2016 | Recovery Management Systems Corporation<br>25 SE 2nd Avenue Suite 1120<br>Miami, FL 33131-1605 | Synovus Bank<br>c/o Stephen G. Gunby<br>1111 Bay Avenue, Third Floor<br>P.O. Box 1199<br>Columbus, GA 31902-1199 |
| 5<br>433 Cherry Street<br>P.O. Box 1957<br>Macon, GA 31202-1957 | American Express<br>PO Box 981537<br>El Paso , TX 79998-1537 | American Express Bank, FSB<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 |
| CB&T Middle GA/ Synovus<br>PO Box 2107<br>Warner Robins, Georgia 31099-2107 | Capital City 1st National Bank<br>PO Box 900<br>Tallahassee, FL 32302-0900 | Capital City Bank<br>PO Box 870<br>Tallahassee FL 32302-0870 |
| Cochran Coachworks, Inc.<br>514 General Courtney Hodges Blvd<br>Perry, GA 31069-3273 | Discover Bank<br>Discover Products Inc<br>PO Box 3025<br>New Albany, OH  43054-3025 | (p)DISCOVER FINANCIAL SERVICES LLC<br>PO BOX 3025<br>NEW ALBANY OH 43054-3025 |
| Donna Cochran<br>818 Ellis Road<br>Elko, GA 31025 | Donna K. Cochran<br>818 Ellis Road<br>Elko, GA 31025 | RREF II PB-GA LLC<br>c/o Jones Walker LLP<br>Barry S. Turner, Esq.<br>201 S. Biscaynve Blvd.<br>Suite 2600<br>Miami, FL 33131-4341 |
| RREF II PB-GA, LLC<br>c/o Rialto Capital Advisors, LLC<br>730 NW 107 Avenue, Ste. 400<br>Miami, FL 33172-3104 | RREF II PB-GA, LLC<br>c/o Stephen P. Drobny, Esq.<br>Jones Walker LLP<br>One Midtown Plaza<br>1360 Peachtree St., NE, Suite 1030<br>Atlanta, GA 30309-3284 | Recovery Management Systems Corporation<br>25 S.E. 2nd Avenue, Suite 1120<br>Miami, FL 33131-1605 |
| Synchrony Bank<br>c/o Recovery Management Systems Corp<br>25 SE 2nd Ave Suite 1120<br>Miami FL 33131-1605 | Synovus Bank<br>1111 Bay Avenue<br>Columbus , GA 31901-5218 | Synovus Bank<br>c/o Stephen G. Gunby<br>Page Scrantom Sprouse Tucker & Ford, PC<br>P.O. Box 1199<br>Columbus, GA 31902-1199 |
| U.S. Trustee - MAC<br>440 Martin Luther King Jr. Boulevard<br>Suite 302<br>Macon, GA 31201-7987 | William J. Cochran II<br>818 Ellis Road<br>Elko, GA 31025 | Calvin L. Jackson<br>1259 Russell Parkway<br>Suite T<br>Warner Robins, GA 31088-5585 |
| Camille Hope<br>Office of the Chapter 13 Trustee<br>P.O. Box 954<br>Macon, GA 31202-0954 | William Jackson Cochran<br>514 General Courtney Hodges Blvd<br>Perry, GA 31069-3261 | |

    The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
    by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Discover Bank
P.O. Box 15316
Wilmington, Delaware 19850

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)RREF II PB-GA, LLC

End of Label Matrix
Mailable recipients    25
Bypassed recipients     1
Total                  26